## Wheeler et al. v. Third Nat. Bank et al.

November 15, 1946.

Diederich & Lycan for appellants.

Dysard & Dysard and Frank C. Malin for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The Third National Bank, as executor of the will of Mrs. Clara Whitton, brought this action for a construction of her will and to have the chancellor determine which, if either, of two churches took 10% of the estate under the will. In a well-reasoned opinion the chancellor wrote that neither church took under the will, and the trustees of the Oak Spring United Baptist Church appeal. A proper consideration of the case necessitates a

brief resume of the facts, about which there is no material controversy.

The Whittons had resided in Ashland for approximately 29 years before the wife's death on June 17, 1939. During 25 years of that time they were members of and took rather a prominent part in what is known in the record as the Church of God, he having served as one of its trustees. Mrs. Whitton's estate amounted to about $10,000 and the paragraph of her will with which we are concerned provides: "All the rest and residue of my estate, of whatsoever sort and wheresoever situated, I give, devise and bequeath unto my husband, Hiram H. Whitton, to be his own absolutely and without qualification for so long as he shall live or until he shall remarry. In the event of the remarriage of my said husband or when he dies, I direct that ten (10%) per cent of my estate remaining unused or unexpended in his hands go to the church with which my said husband is affiliating at the time of his death, and that the remainder of my said estate go to and be divided equally between our children, Lola Whitton Holbrook, Elna Mae Whitton Hood, Osward P. Whitton and Leo J. Whitton."

About 13 months after his wife's death, Mr. Whitton married the young woman who had nursed her. This nurse had remained in the home after the wife's death, which fact caused some unfavorable comment. Whitton ceased to attend the Church of God almost immediately after his wife's death and the record intimates the reason was because of the gossip about him and the nurse. After his second marriage, he and his wife regularly attended the Oak Spring Baptist Church to which he made contributions and expressed the intention of joining. However, he was taken ill and died without becoming a member of this Baptist Church, but at his request his funeral was conducted there by its minister, with the assistance of a preacher from the Church of God, whom Mr. Whitton wanted to have a part in the service.

The Church of God has no formal membership roll and its members become such by a profession of faith in its doctrines and by attending and supporting the local church. The Oak Spring Baptist Church is a more formal organization, has a roll of its members, practices close communion, also foot washing, pays its pastor only when he is ill and does not solicit memberships.

It is admitted that Whitton never became a member of the Baptist Church but it is argued that by attending its service for three years, making contributions to it, following its teachings and expressing a desire and intention of joining it, he was affiliating with this Baptist Church. To decide this question we must ascertain the meaning of the word "affiliating" as used in the will.

Webster's New International Dictionary, 2d Ed., defines "affiliate v.: To adopt; to receive into close connection; to ally; to unite or attach as a member or branch." As an intransitive verb the same dictionary gives its meaning as "To connect or associate oneself;— followed by 'with'; as, they affiliate with no party."

2 C. J. S. p. 989, gives practically the same definition as the dictionary. "Affiliated. The word has been said to signify a condition of being united, being in close connection, allied, or attached as a member or branch; connected."

In deciding that a Finn by the name of Kettunen was not affiliated with the Communist Party contrary to the provisions of the U. S. Statutes, 8 U. S. C. A. sec. 137, it was written by the Circuit Court of Appeals, Second Circuit, in United States ex rel. Kettunen v. Reimer, Commissioner of Immigration, 2 Cir., 79 F. 2d 315, 317. "It is enough for present purposes to hold that it (affiliation) is not proved unless the alien is shown to have so conducted himself that he has brought about a status of mutual recognition that he may be relied on to co-operate with the Communist Party on a fairly permanent basis. He must be more than merely in sympathy with its aims or even willing to aid it in a casual intermittent way. Affiliation includes an element of dependability upon which the organization can rely which, though not equivalent to membership duty, does rest upon a course of conduct that could not be abruptly ended without giving at least reasonable cause for the charge of a breach of good faith."

Applying this test it can hardly be said that Whitton was affiliated with the Oak Spring Baptist Church at the time of his death, as there was no mutual recognition between him and the Church that either could rely upon for co-operation on a fairly permanent basis. The relationship between Whitton and this Church was such that it could be changed abruptly and without giving

either a reasonable cause for charging the other with breach of good faith.

There is no evidence in the record that Whitton was affiliated with the Church of God at the time of his death. He had left it, and by merely expressing a desire to return to "The Ninety and Nine that safely lay in its tender fold" in the future, coupled with the fact that he requested one of its ministers to assist in conducting his funeral from the Oak Spring Baptist Church, did not make him an affiliate of the Church of God.

The chancellor was correct in his decision that neither the Oak Spring Baptist Church nor the Church of God was entitled to one-tenth of Mrs. Clara Whitton's estate upon the death of her husband, and his judgment is affirmed.